## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No: 20-cv-00108-PAB-KMT

MICHAEL SEXTON,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, and
MATTHEW ANDERSON, in his individual and official capacities

    Defendants.

## CITY DEFENDANTS' MOTION TO DISMISS

Defendants, Matthew Anderson ("Officer Anderson") and the City of Colorado Springs ("City") ("collectively City Defendants"), by and through the Office of the City Attorney of Colorado Springs, Colorado, hereby respectfully submit the following motion to dismiss pursuant to Rule 12(b)(6) and Officer Anderson's right to qualified immunity.

## DUTY TO CONFER

Undersigned has conferred in good faith with Plaintiff's counsel regarding this motion pursuant to D.C.COLO.LCivR 7.1(a). Plaintiff opposes the relief sought herein.

## INTRODUCTION

Plaintiff's complaint does not allege facts that show Officer Anderson's actions violated a clearly established law or constitutional right. This is because when faced with the same facts as Officer Anderson, a reasonably objective police officer would have arguable probable cause to

believe Plaintiff violated Colorado Springs City Code ("City Code") § 10.18.104, "Crossing and Yielding at Other Than Crosswalks." As such, the doctrine of qualified immunity protects Officer Anderson against all six of Plaintiff's claims against him.

Plaintiff's claims against the City also warrant dismissal. Plaintiff has not alleged sufficient facts to show that a municipal policy was the moving force behind his alleged injuries. With regards to claims one, two, and three, Plaintiff cannot show the existence of a Colorado Springs Police Department ("CSPD") policy that specifically targeted him. In claims five and six, Plaintiff makes broad respondeat superior-type allegations that do not show a municipal policy as the moving force behind any of his alleged injuries.

On June 7, 2019, Officer Anderson observed Plaintiff cross 30th Street ("30th") outside of a crosswalk near the intersection of 30th and Colorado Avenue ("30th and Colorado").[1] Plaintiff and Officer Anderson had spoken earlier after Plaintiff flipped Officer Anderson off. Compl. ¶ 11. Seeing the unprovoked gesture, Officer Anderson stopped his patrol car to ask if Plaintiff needed help. *Id.* ¶ 12. Plaintiff did not need assistance, and Officer Anderson drove away. *Id.* ¶ 13. Plaintiff then crossed 30th outside of a crosswalk. *Id.* ¶ 14. Seeing this, Officer Anderson turned around to issue Plaintiff a jaywalking ticket. *Id.* ¶¶ 15, 30. As Officer Anderson's car approached, Plaintiff again flipped him off. *Id.* ¶ 16. Officer Anderson exited his car, and shortly thereafter restrained Plaintiff in handcuffs. *Id.* ¶¶ 18-23. Plaintiff was detained for less than thirty minutes while Officer Anderson prepared a summons for a violation of City Code § 10.18.104.

---

[1] For the purposes of this motion, City Defendants will treat the facts alleged in Plaintiff's complaint as true. However, City Defendants reserve the right to deny any alleged fact in future filings.

*Id*. ¶ 30, 31. About three months after Plaintiff received his ticket, the City dismissed it. *Id*. ¶ 38. Plaintiff's complaint does not note the City's reasons for the dismissal.

On January 14, 2020, Plaintiff filed a complaint alleging that Officer Anderson violated his First and Fourth Amendment rights. Specifically, Plaintiff claims that Officer Anderson ticketed him in retaliation for flipping him off; that Officer Anderson lacked probable cause to ticket him; that Officer Anderson used excessive force; that his pockets were unlawfully searched; and that he was subjected to a malicious prosecution. *Id*. ¶¶ 74-143. Plaintiff also alleges that CSPD has a policy of targeting and ticketing him. *Id*. ¶¶ 84, 95, 107. Finally, Plaintiff broadly alleges that CSPD condones excessive force and malicious prosecution violations committed by its officers. *Id*. ¶¶ 127, 128, 141. Plaintiff's claims should be dismissed.

## ARGUMENT

### 1   Standard of Review

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting in part Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## 2   Plaintiff's Claims Against Officer Anderson Should Be Dismissed

### 2.1   Claim one fails to state a claim and is duplicative of claim two

In claim one, Plaintiff appears to allege that Officer Anderson's act of detaining and ticketing him constitutes a content-based restriction. Compl. ¶ 79. As this Court has noted, a plaintiff alleging a content-based restriction must identify a court order, law, policy, or regulation that restricts his ability to speak. *Weise v. Colorado Springs, Colorado*, No. 17-CV-02696-PAB-NYW, 2019 WL 4751804, at *9 (D. Colo. Sept. 30, 2019) (dismissing the plaintiff's content based restriction claim, in part because "plaintiff has failed to articulate a distinct and legally supported basis for her [content based restriction] claim for relief. . ."). Here, Plaintiff takes issue with Officer Anderson's conduct, but not a specific law, policy, order, or regulation. Compl. ¶ 81. As such, claim one fails to state a plausible claim for relief. *Weise,* 2019 WL 4751804, at *9

Claim one is also duplicative of claim two. "Claims are duplicative when they are substantially the same as other claims in the suit." *Sw. re, Inc. v. G.B. Investments Reinsurance Co.*, No. CIV 10-856 BB/WPL, 2011 WL 13114921, at *2 (D.N.M. June 17, 2011). Here, both claims allege that Officer Anderson detained and ticketed Plaintiff for flipping him off. Compl. ¶¶ 76, 78, 83, 89, 91, 92, 93. Because claim one mimics the retaliatory arrest claim stated in claim two, claim one should be dismissed. *G.B. Investments*, 2011 WL 13114921, at *2.

### 2.2   Claims against Officer Anderson in his official capacity should be dismissed

"If a governmental entity is already a defendant in a lawsuit, then any official capacity claims against its employees are redundant and may be dismissed." *Griffin v. Indep. Sch. Dist. No. 1 of Tulsa Cty., Okla.,* No. 13-CV-0702-CVE-FHM, 2013 WL 6048988, at *3 (N.D. Okla.

Nov. 14, 2013) (internal quotations omitted). Because the City is also a defendant to this lawsuit, Plaintiff's claims against Officer Anderson in his official capacity should be dismissed.

### 2.3   Officer Anderson is entitled to qualified immunity

"[Q]ualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). "After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (additional citations omitted). The plaintiff must establish that the defendant's actions violated a constitutional or statutory right, and that the right was clearly established at the time of the defendant's unlawful conduct. *Id.* A clearly established law cannot be defined "at a high level of generality." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotations omitted). Rather, courts must consider "whether the violative nature of *particular* conduct is clearly established." *Id.* (emphasis in original). As such, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Paradis v. Montrose Mem'l Hosp.,* 157 F.3d 815, 819 (10th Cir. 1998) (internal quotation omitted).

#### 2.3.1   Arguable probable cause existed to detain and ticket Plaintiff

To determine the existence of probable cause, courts consider whether the facts surrounding the arrest when "viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (internal quotations omitted). "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014).

"Arguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry." *A.M. v. Holmes*, 830 F.3d 1123, 1147 (10th Cir. 2016) (internal quotations omitted) (School Resource Officer entitled to qualified immunity for arresting a thirteen year old student for burping repeatedly in class). Because Plaintiff fails to allege facts that show it was objectively unreasonable for Officer Anderson to detain and ticket him, Officer Anderson is entitled to qualified immunity.

City Code § 10.18.104(C) states, "[b]etween adjacent intersections at which traffic control signals are in operation, pedestrians shall not cross at any place except in a marked crosswalk." *Exhibit A* (City Code § 10.18.104). The City Code does not define the word "adjacent." However, according Black's Law Dictionary adjacent means "[l]ying near or close to, but not necessarily touching." Cf. ADJOINING. ADJACENT, Black's Law Dictionary (11th ed. 2019). "Dictionary definitions are useful touchstones to determine the 'ordinary meaning' of an undefined statutory term." *In re Mallo*, 774 F.3d 1313, 1321 (10th Cir. 2014). Furthermore, cases interpreting the word "adjacent" describe it as having a "flexible meaning" which depends "very much upon the context and the subject-matter to which it may be applied for its proper effect." *United States v. Denver & R.G. Ry. Co.*, 31 F. 886, 889 (D. Colo. 1887) (the right to take timber from public lands adjacent to a railroad "extends naturally some distance from the right of way, and probably within ordinary transportation by wagon."); *Wolfe v. Hurley*, 46 F.2d 515, 522 (W.D. La. 1930), *aff'd*, 283 U.S. 801 (1931) (property adjacent to a river includes properties near the river but separated by other intervening properties).

Applying the Black's Law definition of "adjacent" to the facts of this case reveals that Officer Anderson had arguable probable cause to detain and ticket Plaintiff. Though Plaintiff's complaint fails to mention whether any intersections in the immediate area are controlled by traffic signals, the court can take judicial notice that the intersections of 30th and Colorado and 30th and West Kiowa Street ("30th and Kiowa") are both controlled by traffic signals.[2] *Exhibits B and C* (Google Map images of 30th and Colorado and 30th and Kiowa). The court can also take judicial notice that these intersections are close to one another and separated by only one cross street. Compl. ¶ 37; *Exhibit D* (Google Map of 30th between Colorado and Kiowa). Consequently, a reasonable officer, observing Plaintiff cross 30th near 30th and Colorado, would have arguable probable cause to believe Plaintiff violated §10.18.104(C). This reasonable belief comports with both the safety-based purpose of crosswalks and another City Code section that uses the word "adjacent" when governing the interaction between pedestrians and traffic.[3] The

---

[2] "[A] court may properly consider facts subject to judicial notice, state court pleadings, and matters of public record without converting a motion to dismiss into a motion for summary judgment." *Allen v. Clements*, 930 F. Supp. 2d 1252, 1259 (D. Colo. 2013). A court may judicially notice facts that are known within its jurisdiction, or facts that can be "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. It is generally known that traffic signals control the intersections of 30th and Colorado and 30th and Kiowa. These facts can also be determined from Google Maps "a source whose accuracy cannot reasonably be questioned for purposes of this case." *Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013) (internal quotations omitted) *See also Johnson v. Torres Enterprises LP*, No. 18-CV-02929-VKD, 2019 WL 285198, at *3 (N.D. Cal. Jan. 22, 2019) (taking judicial notice of Google Maps street view feature). The Court can also take judicial notice of the distance between the intersections of 30th and Colorado and 30th and Kiowa as measured by Google Maps. *Pahls,* 718 F.3d at 1216 n.1.

[3] Section 10.17.105(A)(1) governs traffic approaching an intersection controlled by traffic signals. This section requires traffic to yield the right away "to pedestrians lawfully within the intersection or an adjacent crosswalk at the time the signal is exhibited." *See Exhibit F* (copy of

existence of arguable probable cause eviscerates Plaintiff's unreasonable seizure, unlawful search, and malicious prosecution claims. *See United States v. Mitchell*, No. 16-10112-EFM, 2017 WL 552732, at *8 (D. Kan. Feb. 10, 2017) ("The validity of a search incident to arrest depends on the lawfulness of the arrest, which in turn requires probable cause to believe that a crime has been committed.").

#### 2.3.1.1 Reasonable suspicion

To stop and detain Plaintiff, a reasonable officer needs only enough facts to "form a reasonable suspicion that criminal conduct was occurring[.]" *Dorato v. Smith*, 108 F. Supp. 3d 1064, 1120–21 (D.N.M. 2015). City Code §10.18.103 requires pedestrians crossing a road to use the shortest possible route. *Exhibit E* (copy of City Code § 10.18.103) Here, a reasonable officer having observed Plaintiff cross 30th outside of the crosswalk, would have a sufficient reasonable suspicion to detain Plaintiff to investigate violations of either §10.18.104 or § 10.18.103.

### 2.3.2 Malicious prosecution

Plaintiff's complaint does not fully address the elements necessary to allege a plausible malicious prosecution claim. The test includes five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

---

City Code § 10.17.105). As such, all of the crosswalks in an intersection are adjacent to a driver who is in or near the intersection.

#### 2.3.2.1 Plaintiff has failed to show his underlying case terminated in his favor

To show that the underlying case terminated in his favor, Plaintiff must show that it was dismissed for reasons indicative of innocence. *Id.* at 803. Here, Plaintiff fails to discuss the City's reasons for dismissing his jaywalking ticket. Instead, he reasserts his conclusion that Officer Anderson lacked probable cause to issue the ticket. Compl. ¶¶ 132, 133. As discussed above, Officer Anderson had arguable probable cause to detain and ticket Plaintiff. In a similar vein, Plaintiff repeatedly alleges that Officer Anderson acted with malice without pointing to facts that would indicate a malicious intent. *Id.* ¶¶ 134-136. Finally, Plaintiff makes only one conclusory allegation about his alleged damages. *Id.* ¶ 138. As such, Plaintiff's allegations are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### 2.3.3 Officer Anderson used a reasonable amount of force to detain Plaintiff

Plaintiff's excessive force claim fails for two independent reasons. First, Officer Anderson's minimal use of force was reasonable. Second, Plaintiff does not allege that he suffered an actual injury. An officer may arrest an individual who committed a "very minor criminal offense in his presence" without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). "[I]n nearly every situation where an arrest is authorized, or police reasonably believe public safety requires physical restraint, handcuffing is appropriate." *Fisher v. City of Las Cruces,* 584 F.3d 888, 896 (10th Cir. 2009). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 -397 (1989).

### 2.3.3.1 It was objectively reasonable to handcuff Plaintiff for officer safety

"[A] suspect's speech may convey vital information—for example, if he is ready to cooperate or rather present[s] a continuing threat." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019) (internal quotations omitted). Here, Officer Anderson, alone and late at night, became the target of Plaintiff's unprovoked and aggressive gestures. Plaintiff's conduct would cause any reasonable officer to become concerned that he or she was contacting a potentially dangerous individual. Thus, the totality of circumstances which confronted Officer Anderson warranted his minimal use of force which was reasonable from an officer safety perspective. Because "a small amount of force … is permissible in effectuating an arrest under the Fourth Amendment[,]" Officer Anderson did not violate clearly established law by detaining and handcuffing Plaintiff. *Donahue v. Wihongi*, 948 F.3d 1177, 1196 (10th Cir. 2020) (internal quotations omitted).[4]

### 2.3.3.2 Plaintiff fails to allege an actual injury

Plaintiff also neglects to allege facts that show he suffered an actual injury. Compl. ¶¶ 22, 26. The lack of an actual injury is evidence that Officer Anderson used a reasonable amount of force and dispositive to Plaintiff's excessive force claim. *See Fisher* 584 F.3d at 896 (applying the de minimis injury requirement to allegations that officers injured a plaintiff by pulling his arms behind his back). Here, Plaintiff claims Officer Anderson "wrenched" his arms behind his back which caused him pain. Compl. ¶¶ 21, 22. Officer Anderson then handcuffed Plaintiff. *Id.* ¶ 25. Plaintiff does not allege that his pain continued or that he sustained an actual injury. He also makes no factual allegations to support his conclusory allegations of "mental pain." Compl.

---

[4] *United States v. Flowers*, 203 F. App'x 221, 224 (10th Cir. 2006) (handcuffs may be used in an investigatory detention if they are reasonably necessary for officer safety).

¶129. As such, his facts do not "state a claim of excessive force, as they do not indicate that [Plaintiff] suffered an actual injury that is not de minimis . . ." *Anderson v. Arnold*, 710 F. App'x 343, 344 (10th Cir. 2018) (unpublished) (internal citations omitted) (officer who brandished taser at plaintiff while investigating a traffic accident did not use excessive force).

### 2.3.4 Officer Anderson did not retaliate against Plaintiff for flipping him off

To succeed on a First Amendment retaliation claim Plaintiff must "plead and prove the absence of probable cause for the arrest." *Nieves,* 139 S. Ct. at 1715. He must also show that (1) he was engaged in a "constitutionally protected activity;" (2) his arrest caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;" and (3) the officer's action "was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).[5]

#### 2.3.4.1 Arguable probable cause existed to issue Plaintiff a ticket

As discussed in more detail *supra*, Officer Anderson observed Plaintiff cross 30th near the crosswalk at 30th and Colorado. This observation, coupled with the existence of another nearby intersection controlled by traffic signals, objectively gives a reasonable police officer arguable probable cause to issue Plaintiff a citation for jaywalking.

---

[5] Plaintiff does not allege that jaywalking is a constitutionally protected activity. Neither does he allege that he was exercising his right to free speech when he committed the crime that caused Officer Anderson to turn around and ticket him. As such, he has not shown that he was engaged in an alleged "constitutionally protected activity." *Worrell*, 219 F.3d at 1212. He has also not alleged that he suffered an actual injury. The only injury Plaintiff claims to have suffered is feeling pain in his arm just before being handcuffed. Compl. ¶ 22. However, such "a trivial or de minimis injury will not support a retaliatory prosecution claim." *Eaton v. Meneley*, 379 F.3d 949, 955 (10th Cir. 2004).

### 2.3.4.2 Plaintiff's jaywalking citation was not retaliation

The facts alleged show that Officer Anderson did not retaliate against Plaintiff. When Plaintiff flipped Officer Anderson off, he stopped his car and asked Plaintiff if he needed help. Compl. ¶ 12. Officer Anderson then drove away. Compl. ¶ 13. His actions show the intent to leave, not to retaliate. It was Plaintiff's illegal act that caused Officer Anderson to recontact him. Plaintiff also cannot rely on Officer Anderson's alleged comments to bolster his retaliation claim. The Supreme Court has rejected such a subjective approach noting that, "[a]ny inartful turn of phrase or perceived slight during a legitimate arrest could land an officer in years of litigation." *Nieves*, 139 S. Ct. at 1725.[6] Plaintiff's claims should be dismissed.

## 3   Plaintiff's Claims Against the City Should Be Dismissed

"[U]nder § 1983, local governments are responsible only for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).[7] "Section 1983 does not authorize liability under a theory of respondeat superior." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767

---

[6] Since arguable probable cause existed to ticket Plaintiff, his First Amendment retaliation claim cannot survive unless he was treated differently than similarly situated individuals. *Nieves*, 139 S. Ct. at 1727. In *Nieves*, the Supreme Court, using a jaywalking example, noted that an individual who had complained about the police may have a valid retaliatory arrest claim if he was arrested at an intersection where "jaywalking is endemic but rarely results in arrest." *Id.* Here, Plaintiff attempts to make hay with the Court's example. However, he fails to allege facts that suggest jaywalking is endemic near 30th and Colorado. Instead, he alleges that a single unidentified individual crossed 30th while officers were occupied with him. Compl. ¶ 30. Plaintiff's one example, of one unidentified person, falls far short of the endemic jaywalking discussed in the *Neives*' example.

[7] Plaintiff's complaint indicates a belief that he is entitled to punitive damages. Compl. 143, p. 31 ¶ d. Without getting into the merits of this belief concerning either City Defendant, to the extent that Plaintiff is seeking punitive damages from the City, his efforts must fail. *See Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1307 (10th Cir. 2003).

(10th Cir. 2013). To prevail against the City, Plaintiff must identify a CSPD custom or policy that caused his injury. *Id*. at 769. He must also show "that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Id*. Here, Plaintiff fails to meet this burden. Instead, he attempts to mask respondeat superior claims as municipal liability claims under § 1983.

### 3.1  One similar incident does not demonstrate a CSPD policy of targeting Plaintiff

Plaintiff's retaliatory arrest claims and his unlawful seizure claim each allege a CSPD policy of tolerating violations of both the First and Fourth Amendments "**related to Plaintiff**." Compl. ¶¶ 84, 95, 107 (emphasis added). One way to establish an unofficial policy is to point to department "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Plaintiff cites only one other incident that involves him and CSPD officers. Compl. ¶¶ 54-58. One similar incident falls "far short of plausibly alleging a widespread practice of excessive force, much less a practice so permanent and well settled as to constitute a custom or usage with the force of law." *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1290 (10th Cir. 2019) (internal quotations omitted*)*. As such, Plaintiff has not plausibly alleged that the City has a policy of targeting and ticketing him.

### 3.2  Plaintiff's complaint does not show a CSPD policy that tolerates excessive force or malicious prosecutions

Plaintiff's examples simply do not show the existence of a CSPD policy that was the moving force behind his alleged injuries. *Schneider* 717 F.3d at 769. Rather, his examples show a smattering of alleged incidents, factually distinct from this case, and often occurring two or

more years apart.[8] Plaintiff cannot demonstrate the existence of such broad unofficial policies when his examples show several years where no officer followed the alleged practice. *See* Compl. 60-62*; Lankford v. City of Hobart,* 73 F.3d 283, 287 (10th Cir. 1996) ("isolated and sporadic acts" did not amount to a custom under § 1983).

In claims five and six, Plaintiff alleges, that CSPD has a policy of condoning excessive force and malicious prosecution violations.[9] Compl. ¶¶ 128, 141. This appears to be an allegation that CSPD either failed to effectively train Officer Anderson or failed to prevent him from violating the Constitution. *See also* Compl. ¶¶ 41-53. As such, Plaintiff's alleged facts "must demonstrate the municipality's inaction resulted from deliberate indifference to the rights of the plaintiff." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (internal quotations omitted). In this case, to show a deliberate indifference, Plaintiff must "prove a pattern of similar violations

---

[8] Plaintiff alleges two incidents, one from 2015, and one from 2017, that center around individuals recording police, Plaintiff does not allege that either individual criticized police or received a ticket. Compl. ¶¶ 61, 62. In 2013, Plaintiff claims that CSPD officers beat an individual who criticized them. Compl. ¶ 60. Four incidents, mostly from 2009 and 2012, allege suspects were misidentified and arrested during criminal investigations. Compl. ¶¶ 66, 67, 71, 72. One 2012 allegation claims that police omitted evidence from an arrest warrant. Compl. ¶ 68. Another claims that a police officer used her position to retaliate against a boyfriend. Compl. ¶ 70. The allegations in paragraph 63 do not allege any misconduct by CSPD. It also bears noting that at least three of Plaintiff's examples ended in dismissals at the district court level. *Compare*, Compl. ¶¶ 66, 71, 72 with *Metzler v. City of Colorado Springs*, 1:19-cv-00878-RM-KMT (Doc. 41) (currently on appeal); *Martinez v. City of Colorado Springs*, 1:11-cv-1664-RPM (Doc. 15); *Bark v. Chacon*, 1:10-cv-1570-WYD-MJW (Doc. 69).

[9] In claim five, Plaintiff accuses the City of ratifying "the use of excessive force by law enforcement officers[.]" Compl. ¶ 128. However, Plaintiff fails to allege that a final decision maker ratified Officer Anderson's actions. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 790 (10th Cir. 2010) (To succeed on a ratification theory Plaintiff must identify a final decision maker who ratified the employee's actions and the basis for the actions).

that would establish that the policy of inaction was the functional equivalent of a decision by the city itself to violate the Constitution." *Connick*, 563 U.S. at 72 (internal quotations omitted).

As discussed above, Plaintiff cites only one example that alleges CSPD officers contacted, detained, ticketed, and released an individual who instigated the interaction by insulting or criticizing them. Compl. ¶¶ 54-58. One similar incident does not show a CSPD policy that is deliberately indifferent to Plaintiff's rights. *Waller,* 932 F.3d at 1290. Plaintiff's claims against the City should be dismissed.

## CONCLUSION

WHEREFORE, for the aforementioned reasons, City Defendants respectfully requests that this Honorable Court enter an order granting the City Defendants' Motion to Dismiss with prejudice, and for any further relief this Court deems appropriate.

Respectfully submitted this 30th day of March, 2020.

                        OFFICE OF THE CITY ATTORNEY
                        Wynetta P. Massey, City Attorney

                        */s/ Brian Stewart*

                        Brian Stewart, Senior Attorney
                        30 S. Nevada Ave., Suite 501
                        Colorado Springs, Colorado 80903
                        Telephone: (719) 385-5909
                        Facsimile: (719) 385-5535
                        brian.stewart@coloradosprings.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 30th day of March, 2020, I electronically filed the foregoing **CITY DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andy McNulty
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
amcnulty@kln-law.com
(303)571-1000

*/s/Donnielle Davis*
Donnielle Davis
Legal Secretary