**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: 20-cv-00108-PAB-KMT

MICHAEL SEXTON,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, and
MATTHEW ANDERSON, in his individual and official capacities

    Defendants.

**[PROPOSED] ORDER GRANTING CITY DEFENDANT'S MOTION TO DISMISS**

    THIS MATTER having come before the Court on Defendants' **MOTION TO DISMISS** and the Court having reviewed the same and otherwise being fully advised of the premises, hereby GRANTS the aforementioned motion for the following reasons:

1 **Standard of Review**

    A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting in part Fed. R.

Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## 2   Claims against Officer Anderson in His Official Capacity are Dismissed

Here both Officer Anderson and the City (collectively "City Defendants") are parities to this lawsuit. As such, Plaintiff's claims against Officer Anderson in his official capacity are redundant and are therefore dismissed. *Griffin v. Indep. Sch. Dist. No. 1 of Tulsa Cty., Okla.,* No. 13-CV-0702-CVE-FHM, 2013 WL 6048988, at *3 (N.D. Okla. Nov. 14, 2013).

## 3   Officer Anderson is Entitled to Qualified Immunity

"[Q]ualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). "After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (additional citations omitted). The plaintiff must establish that the defendant's actions violated a constitutional or statutory right, and that the right was clearly established at the time of the defendant's unlawful conduct. *Id.*

### 3.1   Plaintiff's Fourth Amendment Claims

#### 3.1.1   Arguable probable cause

The Court finds that Officer Anderson had arguable probable cause to detain and ticket Plaintiff. The facts alleged in Plaintiff's complaint along with City Defendant's Exhibits clearly show that Plaintiff crossed the street between two intersections controlled by traffic signals.[1] The

---

[1] The court takes judicial notice of City Defendant's exhibits as fact generally known within the Court's territory as well as facts that can be "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013) (internal quotations omitted) *See also Johnson v. Torres Enterprises LP*, No. 18-

Court also notes that these intersections are close to one another, and that a reasonable officer could conclude that they are adjacent as that term is defined by Black's Law Dictionary and used in City Code § 10.18.104. The Court further notes that Plaintiff was particularly close to the intersection of 30th and Colorado when he crossed the street without utilizing the nearby crosswalk. Based on these facts, the Court finds that a reasonable officer would have arguable probable cause to detain Plaintiff and issue him a citation for jaywalking under City Code § 10.18.104. As such, Officer Anderson is entitled to qualified immunity with regards to Plaintiff's third and fourth claims alleging that he was unreasonable seized and unlawfully searched. *See A.M. v. Holmes*, 830 F.3d 1123, 1147 (10th Cir. 2016) ("Arguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry.").

### 3.1.2   Officer Anderson did not use excessive force to detain Plaintiff

An officer may arrest an individual who committed a "very minor criminal offense in his presence" without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). "[I]n nearly every situation where an arrest is authorized, or police reasonably believe public safety requires physical restraint, handcuffing is appropriate." *Fisher v. City of Las Cruces,* 584 F.3d 888, 896 (10th Cir. 2009). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 -397 (1989).

Based on the totality of the circumstances it was objectively reasonable for Officer Anderson to restrain Plaintiff and place him in handcuffs. Plaintiff's unprovoked gestures would

---

CV-02929-VKD, 2019 WL 285198, at *3 (N.D. Cal. Jan. 22, 2019) (taking judicial notice of Google Maps street view feature).

cause a reasonable officer contacting him concern that he was a potentially dangerous individual. "[A] suspect's speech may convey vital information—for example, if he is ready to cooperate or rather present[s] a continuing threat." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019) (internal quotations omitted). Consequently, the small amount of force used by Officer Anderson was not unreasonable. *See Donahue v. Wihongi*, 948 F.3d 1177, 1196 (10th Cir. 2020). Furthermore, the fact that Plaintiff did not sustain an actual injury is additional evidence that Officer Anderson used a reasonable about of force to detain Plaintiff. Because Officer Anderson used a reasonable about of force and because Plaintiff has not alleged more than a de minimis injury, Officer Anderson is entitled to qualified immunity with regard to Plaintiff's fifth claim alleging excessive force.

### 3.1.3   Malicious prosecution

The existence of arguable probable cause entitles Officer Anderson to qualified immunity with regards to Plaintiff's sixth claim alleging a malicious prosecution. The Court also finds that Plaintiff has failed to allege sufficient facts to meet the other elements of a malicious prosecution claim. Namely, Plaintiff failed to sufficiently allege that his case was dismissed for reasons indicative of innocence. *Wilkins v. DeReyes*, 528 F.3d 790, 803 (10th Cir. 2008). While Plaintiff alleged that the underlying jaywalking case was dismissed, he failed to state the reasons for the dismissal and thus failed to allege sufficient facts to show the case was dismissed because of his innocence. He has also failed to make any factual allegations concerning his alleged damages. Officer Anderson is entitled to qualified immunity with regards to Plaintiff's malicious prosecution claim.

### 3.2  Plaintiff's First Amendment Claims

#### 3.2.1  Plaintiff's first claim fails to state a plausible claim for relief

Plaintiff's first claim alleges a First Amendment content-based restriction claim. As this Court has noted, a plaintiff alleging a content-based restriction claim must identify a court order, law, policy, or regulation that restricts his ability to speak. *Weise v. Colorado Springs, Colorado*, No. 17-CV-02696-PAB-NYW, 2019 WL 4751804, at *9 (D. Colo. Sept. 30, 2019). Here, Plaintiff's issue is with Officer Anderson's conduct, not a specific law, policy, order, or regulation. As such, count one fails to state a plausible claim for relief and is hereby dismissed.[2]

#### 3.2.2  Officer Anderson is entitled to qualified immunity with regards to Plaintiff's First Amendment retaliation claim

To succeed on a First Amendment retaliation claim Plaintiff must "plead and prove the absence of probable cause for the arrest." *Nieves,* 139 S. Ct. at 1715. As previously discussed, Officer Anderson observed Plaintiff cross 30th near the crosswalk at 30th and Colorado. This observation, coupled with the existence of another nearby intersection controlled by traffic signals, objectively gives a reasonable police officer arguable probable cause to issue Plaintiff a citation for jaywalking.

Furthermore, Plaintiff's compliant shows that Officer Anderson had no intention of retaliating against Plaintiff. Officer Anderson's initial reaction to Plaintiff demonstrates no intent to retaliate. When Plaintiff flipped Officer Anderson off, he stopped his car and asked Plaintiff if

---

[2] Count one is also duplicative of count two. Both counts allege that Officer Anderson was motivated to detained and ticket Plaintiff for flipping him off. "Claims are duplicative when they are substantially the same as other claims in the suit." *Sw. re, Inc. v. G.B. Investments Reinsurance Co.*, No. CIV 10-856 BB/WPL, 2011 WL 13114921, at *2 (D.N.M. June 17, 2011).

he need help. He then drove away. The facts alleged make it clear that Plaintiff received a ticket for jaywalking not for flipping Officer Anderson off. Because arguable probable cause existed to issue the ticket, Officer Anderson is entitled to qualified immunity with regards to Plaintiff's second claim alleging a retaliatory arrest.

### 4  Plaintiff's Claims Against the City Are Dismissed

"[U]nder § 1983, local governments are responsible only for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). "Section 1983 does not authorize liability under a theory of respondeat superior." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). To succeed against the City, Plaintiff must identify a Colorado Springs Police Department ("CSPD") custom or policy that caused his injury. *Id*. at 769. He must also show "that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Id*. Here Plaintiff fails to allege sufficient facts to show a CSPD policy that was the moving force behind his injuries.

### 4.1  Plaintiff has not sufficiently demonstrated a CSPD policy that targeted him

Plaintiff's retaliatory arrest claims and his unlawful seizure claim each allege that CSPD has a policy of targeting and ticketing him. However, to succeed on this claim he must show that the unofficial policy targeting him was so widespread and persistent that had the "force of law" within CSPD. *Connick,* 563 U.S. at 61. With this test in mind, Plaintiff cites only one other incident that involves him and CSPD officers. One similar incident falls "far short of plausibly alleging a widespread practice of excessive force, much less a practice so permanent and well settled as to constitute a custom or usage with the force of law." *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1290 (10th Cir. 2019) (internal quotations omitted*)*. As such, Plaintiff has failed

to state a plausible claim for relief against the City. His First Amendment claims and his Fourth Amendment unreasonable seizure claim are dismissed.

### 4.2 Plaintiff's complaint does not show a CSPD policy that tolerates excessive force or malicious prosecutions.

Plaintiff also alleges that CSPD has a policy of condoning and or ratifying excessive force and malicious prosecution violations committed by its officers. First, Plaintiff's complaint fails allege that a final decision maker ratified Officer Anderson's actions. As such he cannot succeed on allegations that CSPD ratified any officer's alleged misconduct. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 790 (10th Cir. 2010). Second, it appears that Plaintiff maybe alleging CSPD either failed to effectively train Officer Anderson or failed to prevent him from violating Plaintiff's rights. As such, a plaintiff's alleged facts "must demonstrate the municipality's inaction resulted from deliberate indifference to the rights of the plaintiff." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (internal quotations omitted). In this case, to show a deliberate indifference, Plaintiff must "prove a pattern of similar violations that would establish that the policy of inaction was the functional equivalent of a decision by the city itself to violate the Constitution." *Connick*, 563 U.S. at 72 (internal quotations omitted). As discussed above, Plaintiff's examples allege only one instance of CSPD officers contacting, detaining, ticketing, and releasing an individual who had instigated an interaction with them by insulting or criticizing them. One similar example does not show a CSPD policy that is deliberately indifferent to Plaintiff's rights. *Waller,* 932 F.3d at 1290. As such, Plaintiff has failed to state plausible excessive force and malicious prosecution claims against the City.

## **CONCLUSION**

For the reasons discussed above the Court grants City Defendants' Motion to Dismiss.

Dated: _____

BY THE COURT

_____

The Honorable Philip A. Brimmer