IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 20-cv-00108

MICHAEL SEXTON,

Plaintiff,

v.

MATTHEW ANDERSON, in his individual capacity,

Defendant.

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant, Matthew Anderson ("Officer Anderson") by and through the Office of the City Attorney of Colorado Springs, Colorado, hereby submits the following answer.[1]

## ANSWER TO INTRODUCTION

1. Paragraph 1 of Plaintiff's complaint, as well as the unnumbered paragraph beginning with "[O]ne of the prerogatives...." directly above paragraph 1, do not contain factual allegations. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

2. The allegations in paragraph 2 are denied.

---

[1] All claims against the City of Colorado Springs, and Plaintiff's Fifth and Sixth Claims, alleging excessive force and malicious prosecution, against Officer Anderson have been dismissed by the Court. Docket No. 32 at 44.

3. The allegations in paragraph 3 are not directed at Officer Anderson. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

## ANSWER TO JURISDICTION AND VENUE

4. With respect to the allegations in paragraph 4, it is admitted that Plaintiff has filed claims pursuant to 42 U.S.C. § 1983. It is denied that the claims have merit or that any liability is imputed to Officer Anderson. It is admitted that jurisdiction is proper with this Court.

5. With respect to the allegations in paragraph 5, it is admitted that this Court has jurisdiction to award the prevailing party its reasonable attorney's fees and costs. However, it is denied that any liability is imputed to Officer Anderson.

6. With respect to the allegations in paragraph 6, it is admitted that venue is proper and that the events, as alleged, occurred within the State of Colorado. The remaining allegations are denied for lack of information or belief.

## ANSWER TO PARTIES

7. The allegations in paragraph 7 are denied for lack of information or belief.

8. The allegations in paragraph 8 are admitted.

9. The allegations in paragraph 9 are not directed at Officer Anderson. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

## ANSWER TO FACTUAL ALLEGATIONS

10. The allegations in paragraphs 10, 11, 12, 14, 15, 16, and 17 are denied for lack of information or belief.

11. The allegations in paragraph 13 are admitted.

12. The allegations in paragraphs 18, 19, 20, 21, 22, 23, and 24 pertain to claims which have been dismissed. *See* Docket No. 32 at 44. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

13. The allegations in paragraph 25 are denied for lack of information or belief.

14. With respect to the allegations in paragraph 26, it is denied for lack of information or belief that Officer Calderon searched Plaintiff on Officer Anderson's directions. The remaining allegations in paragraph 26 call for legal conclusions. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

15. The allegations in paragraph 27 and 28 are denied for lack of information or belief.

16. The allegations in paragraph 29 are denied.

17. The allegations in paragraph 30 are denied for lack of information or belief.

18. With respect to the allegations in paragraph 31, it is denied that Plaintiff was issued a citation for "jaywalking." The remaining allegations in paragraph 31 call for legal conclusions. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

19. The allegations in paragraph 32 are denied for lack of information or belief. The allegations in paragraph 32 also call for legal conclusions which do not require a response.

20. With respect to the allegations in paragraph 33, it is admitted that Plaintiff spoke with a sergeant parked nearby after he was released. The remaining allegations in paragraph 33 are denied for lack of information or belief.

21. With respect to the allegations in paragraph 34, it is admitted that Officer Anderson issued Plaintiff a citation under section 10.18.104 of the Colorado Springs City Code ("City Code"). It is denied that the title of City Code § 10.18.104 is "jaywalking."

22. Paragraph 35 does not appear to contain any factual allegations. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

23. With respect to the allegations contained in paragraph 36, it is admitted that Officer Anderson noted on the citation he issued to Plaintiff that "[s]ubject crossed the street between two marked intersections." The remaining allegations in paragraph 36 call for legal conclusions. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

24. The allegations in paragraph 37 call for legal conclusions. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

25. The allegations in paragraph 38 do not appear to be directed at Officer Anderson. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

26. The allegations in paragraphs 39 and 40 are denied for lack of information or belief.

27. The allegations contained in paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73, as well as the unnumbered paragraphs in bold lettering between paragraphs 40 and 41; 53 and 54; 58 and 59; and 64 and 65, are not directed at Officer Anderson. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

## ANSWER TO CLAIMS FOR RELIEF

### ANSWER TO FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – First Amendment Violation
### Free Speech
*Plaintiff Against All Defendants*

28. Officer Anderson answers paragraph 74 of Plaintiff's complaint by incorporating the answers set forth in paragraphs 1 through 27 above.

29. The allegations in paragraph 75 are admitted.

30. The allegations in paragraphs 76, 77, 78, 79, 80, 81, 82, 83, and 86 call for legal conclusions. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

31. The allegations in paragraphs 84 and 85 are not directed at Officer Anderson. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

## ANSWER TO SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – First Amendment
## Retaliation
*Plaintiff Against All Defendants*

32. Officer Anderson answers paragraph 87 of Plaintiff's complaint by incorporating the answers set forth in paragraphs 1 through 31 above.

33. The allegations in paragraph 88 are admitted.

34. The allegations in paragraphs 89, 90, 91, 92, 93, 94, 97, and 98 call for legal conclusions. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

35. The allegations in paragraphs 95 and 96 are not directed at Officer Anderson. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

## ANSWER TO THIRD CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – Fourth Amendment
## Unreasonable Seizure
*Plaintiff Against All Defendants*

36. Officer Anderson answers paragraph 99 of Plaintiff's complaint by incorporating the answers set forth in paragraphs 1 through 35 above.

37. The allegations in paragraph 100 are admitted.

38. The allegations in paragraphs 101, 102, 104, 105, 106 and 109 call for legal conclusions. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

39. With respect to the allegations in paragraph 103, it is admitted that Officer Anderson did not have a warrant to contact Plaintiff. It is denied that Officer Anderson needed a warrant before contacting Plaintiff.

40. The allegations in paragraphs 107 and 108 are not directed at Officer Anderson. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

### Answer To Fourth Claim For Relief
### 42 U.S.C. § 1983 – Fourth Amendment
### Unlawful Search

41. Officer Anderson answers paragraph 110 of Plaintiff's complaint by incorporating the answers set forth in paragraphs 1 through 40 above.

42. With respect to the allegations in paragraph 111, it is admitted that Officer Anderson was acting under the color of law at all times relevant to this litigation. The remaining allegations in paragraph 111 do not appear to be directed at Officer Anderson. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

43. The allegations in paragraphs 112, 114, 115, 116 and 117 call for legal conclusions. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

44. With respect to the allegations in paragraph 113, it is admitted that Officer Anderson did not have a warrant to search Plaintiff. It is denied that Officer Anderson searched Plaintiff and that a warrant to search Plaintiff was needed in this case.

**ANSWER TO FIFTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourth Amendment**
**Excessive Force**
*Plaintiff Against All Defendants*

45. Officer Anderson answers paragraph 118 of Plaintiff's complaint by incorporating the answers set forth in paragraphs 1 through 44 above.

46. On March 31, 2021, this Court dismissed Plaintiff's Fifth Claim for Relief against Officer Anderson and all claims against the City. Docket No. 32 at 44. Because the allegations in paragraphs 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, and 129 pertain to Plaintiff's Fifth Claim, which has been dismissed in its entirety, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

**ANSWER TO SIXTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourth Amendment Violation**
**Malicious Prosecution**
*Plaintiff Against All Defendants*

47. Officer Anderson answers paragraph 130 of Plaintiff's complaint by incorporating the answers set forth in paragraphs 1 through 46 above.

48. On March 31, 2021, this Court dismissed Plaintiff's Sixth Claim for Relief against Officer Anderson and all claims against the City. Docket No. 32 at 44. Because the allegations in paragraphs 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, and 143 pertain to Plaintiff's Sixth Claim, which has been dismissed in its entirety, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

## ANSWER TO PRAYER FOR RELIEF

49. The unnumbered paragraphs in the "Prayer For Relief" section of the complaint as well as the subparagraphs (a)-(h) contained therein do not contain factual allegations. As such, no response is required. However, to the extent that any liability is imputed to Officer Anderson, the same are denied.

## GENERAL DENIAL

50. Any allegations set forth in the complaint not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff did not suffer a violation of a constitutional right.

3. Officer Anderson did not violate Plaintiff's First Amendment rights.

4. Officer Anderson did not violate Plaintiff's right to free speech.

5. Officer Anderson did not retaliate against Plaintiff.

6. Officer Anderson had probable cause or, at the very least, arguable probable cause, to detain, arrest, and ticket Plaintiff.

7. Probable cause or, at the very least, arguable probable cause existed to search Plaintiff's pockets.

8. It was reasonable, and not unlawful, to search Plaintiff for weapons after he was placed in handcuffs.

9. Officer Anderson did not injure Plaintiff.

10. Plaintiff did not suffer any damages as a result of his interaction with Officer Anderson.

11. Officer Anderson is entitled to qualified immunity against any 42 U.S.C. § 1983 claims.

12. Officer Anderson was, at all pertinent times, acting in good faith and violated no clearly established constitutional right.

13. Officer Anderson's conduct was not motivated by evil motive or intent, or recklessly or callously indifferent to the rights of Plaintiff.

14. Officer Anderson's conduct was not malicious.

15. Officer Anderson's conduct was not outrageous or extreme.

16. Officer Anderson's conduct at all pertinent times was objectively reasonable.

17. Plaintiff may have failed to mitigate his damages.

18. Plaintiff's alleged injuries and damages, if any, may have existed before the incident complained of and recovery therefor shall be precluded or diminished as required by law.

19. Plaintiff's alleged injuries and damages, if any, may have resulted from injuries incurred after the incident complained of and recovery therefor shall be precluded or diminished as required by law.

20. Plaintiff did not clearly describe the damages, claims, and/or issues in his complaint and therefore Officer Anderson reserves the right to add additional affirmative defenses as discovery and the law disclose.

**WHEREFORE**, Officer Anderson respectfully requests that this Honorable Court enter an order dismissing Plaintiff's complaint against Officer Anderson with prejudice, for costs, attorney's fees, and any other relief the Court deems proper.

## REQUEST FOR A JURY TRIAL

Officer Anderson requests a trial to a jury on all matters.

Respectfully submitted this 14th day of April 2021.

                OFFICE OF THE CITY ATTORNEY
                Wynetta P. Massey, City Attorney

                */s/ Brian Stewart*
                Brian Stewart, Senior Attorney
                30 S. Nevada Ave., Suite 501
                Colorado Springs, Colorado 80903
                Telephone: (719) 385-5909
                Facsimile: (719) 385-5535
                brian.stewart@coloradosprings.gov

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 14th day of April, 2021, I electronically filed the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andy McNulty
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
amcnulty@kln-law.com
(303)571-1000

                */s/Donnielle Davis*
                Donnielle Davis
                Legal Secretary